Main St. Lofts Yonkers, LLC v Mabuwa (2024 NY Slip Op 51192(U))

[*1]

Main St. Lofts Yonkers, LLC v Mabuwa

2024 NY Slip Op 51192(U)

Decided on August 20, 2024

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 20, 2024
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : JERRY GARGUILO, P.J., GRETCHEN WALSH, ELENA GOLDBERG-VELAZQUEZ, JJ

2022-611 W C

Main Street Lofts Yonkers, LLC, Respondent,
against
Chiurmbidzo Mabuwa, Appellant. 

Law Office of Earl M. Williams (Earl Williams of counsel), for appellant.
Blank Rome, LLP (Robert Chester of counsel), for respondent.

Appeals from a final judgment of the City Court of Yonkers, Westchester County (Evan Inlaw, J.), entered August 18, 2022, and from an order of that court entered May 31, 2023. The final judgment, after a nonjury trial, awarded landlord possession and the sum of $39,949.82 in a holdover summary proceeding. The order denied tenant's motion to vacate the final judgment and warrant, and to dismiss the petition.

ORDERED that, on the court's own motion, the appeals are consolidated for purposes of disposition; and it is further,
ORDERED that the final judgment is reversed, without costs, and the warrant is vacated; and it is further,
ORDERED that the appeal from so much of the order as denied the branches of tenant's motion seeking to vacate the final judgment and warrant is dismissed as academic; and it is further,
ORDERED that the order, insofar as reviewed, is affirmed, and the matter is remitted to the City Court for all further proceedings.
Landlord commenced this holdover proceeding in 2019 to recover possession of an unregulated apartment after the expiration of the lease. A nonjury trial was held on May 23, 2022, at which tenant testified that she had applied to the Emergency Rental Assistance Program (ERAP). On August 18, 2022, a final judgment was entered awarding landlord possession and the sum of $39,949.82 and a warrant was issued on February 6, 2023. Tenant moved to vacate the final judgment and warrant, and to dismiss the petition or, in the alternative, to modify the final judgment. Tenant argued, among other things, that the final judgment should be modified to reflect the sum provisionally approved by ERAP. In support of that claim, tenant attached letters that were addressed to the Yonkers City Court from Westchester Residential Opportunities, Inc. which demonstrate that, as of January 7, 2022, tenant had applied to the City of Yonkers for ERAP and that the application remained pending after the date of the trial. By order entered May 31, 2023, the City Court denied tenant's motion in its entirety. Tenant appeals from both the final judgment and the order arguing, among other things, that the trial should not have taken place as the proceeding was stayed pending the determination of her eligibility for ERAP. 
The record reflects that, at the time the trial was held, a stay was in effect "by operation of law" because tenant's ERAP application was pending in Yonkers (Ben Ami v Ronen, 79 Misc 3d 14, 16 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2023]; see L 2021, ch 56, § 1, part BB, § 1, subpart A, sec 1, § 8, as amended by L 2021, ch 417, § 2, part A, § 4). Once the court was made aware of the pending ERAP application, it should not have continued with the trial. Consequently, the final judgment was improperly entered and must be reversed, and the warrant must be vacated. 
In view of the foregoing, the appeal from so much of the order as denied the branches of tenant's motion seeking to vacate the final judgment and warrant is dismissed as academic. With respect to so much of the order as denied the branch of tenant's motion seeking to dismiss the petition, we find no merit to the argument she proffered in support of that relief. 
Accordingly, the final judgment is reversed, the warrant is vacated, the order, insofar as reviewed, is affirmed, and, as the stay has now expired, the matter is remitted to the City Court for all further proceedings.
GARGUILO, P.J., WALSH and GOLDBERG-VELAZQUEZ, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 20, 2024